IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| CATHERINE WARREN | PLAINTIFF |
| AND | |
| PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD | INTERVENOR |
| VS. | CIVIL ACTION NO. 5:21-cv-56-DCB-LGI |
| WAL-MART STORES, INC.; ET AL | DEFENDANTS |

## ORDER APPROVING THIRD PARTY SETTLEMENT

This matter came on this day for hearing on the sworn Petition for Approval of Third Party Settlement of Catherine Warren, Plaintiff, seeking authority for and approval of a compromise settlement as set out in said Petition. The Petition was joined in by Wal-Mart Stores, Inc., Wal-Mart Associates, Inc., and Wal-Mart Stores East, LP, (collectively, "Walmart" and/or "Third Parties"), and Plaintiff's employer Acosta, Inc.'s ("Employer") workers' compensation carrier, Property and Casualty Insurance Company of Hartford (hereinafter "Carrier").

The Court finds that Plaintiff has asserted a claim against Walmart on account of the injuries allegedly received in this incident. Carrier, pursuant to applicable workers' compensation law, has also asserted a claim against Walmart for recovery of sums which it has expended for workers' compensation benefits as a result of these injuries sustained by Plaintiff. The Court further finds that Plaintiff, Carrier, and Third Parties have negotiated a compromise settlement of all claims as follows: (1) Plaintiff has agreed to accept and Third Parties have indicated a willingness to pay the sum of $30,000.00 in a lump sum; and (2) the $30,000 in settlement proceeds will be distributed as follows: $23,333.34 to Morgan & Morgan, PLLC, and Plaintiff; and

$6,666.66 to Property and Casualty Insurance Company of Hartford as reimbursement of its lien. Said settlement shall represent (1) a compromise settlement of any and all claims and demands which Plaintiff might have against any of the Third Parties for any and all claims of every nature under any theory of law whatsoever; (2) a compromise settlement of Carrier's claims against the subject settlement funds; (3) a compromise settlement of any and all claims which the Carrier might have against any of the Third Parties.  In return for the above-stated consideration, Plaintiff and Carrier have agreed to execute full and complete releases in favor of the Third Parties for any and all claims of every nature, whether known or unknown, which any and all of them might have or hereafter have against any of the Third Parties arising out of and/or relating to the injuries alleged sustained by Plaintiff on November 21, 2017, and Plaintiff and Carrier have agreed that in exchange for the payment of $6,666.66, Carrier will release any claim against the subject settlement funds. Thereafter, the Carrier is responsible for 100% of any compensation liability, if any, that may exist under the applicable law.

The Court has examined the Petition and the compromise settlement proposed therein; has determined that Plaintiff is represented by competent legal counsel and is fully advised in the premises; and the Court is of the opinion that the proposed settlement is just, fair and equitable, is in the Plaintiff's best interest, and that the prayer of the Petition should be granted.

The Court finds that Plaintiff, Carrier, and Third Parties have bona fide disputes and disagreements as set out in the Petition, and that the case is a proper one for disposition under applicable workers' compensation law.  The Court further finds that the nature of the dispute in this case is such that the Court has authority to approve this settlement pursuant to applicable workers' compensation law.

This settlement is intended to resolve a dispute between the Plaintiff, Carrier, and Third Parties. Plaintiff would show that she, together with the Carrier and Third Parties, have considered the application of 42 U.S.C. §1395(y), the Medicare Secondary Payer statute, and are of the opinion that this settlement is not one that is required to be submitted to the Center for Medicare and Medicaid Services (CMS) for approval. In support of that position, Plaintiff would state that the subject incident occurred on November 21, 2017, and she became eligible for Medicare on February 3, 2022. The parties represent that Medicare has not paid any benefits related to the treatment for injuries alleged in the subject incident. Therefore, the parties also represent that this claim does not meet Medicare's current review threshold, and, as such, the claim does not require review and/or approval from CMS. Plaintiff shall hold Carrier and Third Parties harmless from any and all adverse consequences in the event this settlement results in the loss of right to Social Security and/or Medicare benefits to the extent Plaintiff would have been entitled to those benefits in the absence of this settlement agreement. While it is impossible to accurately predict the need for future treatment, these settlement terms reflect a good faith determination of the parties in order to resolve a questionable claim. The parties have attempted to resolve this matter in compliance with both state and federal law, and it is stated by the parties that the settlement terms adequately consider Medicare's interest and do not reflect any attempt to shift responsibility of treatment to Medicare pursuant to 42 U.S.C. §1395y(b). The parties acknowledge and understand that any present or future action or decision by CMS or Medicare on the Plaintiff's eligibility or entitlement to Medicare payments, will not render this settlement void or ineffective, or in any way affect the finality of this workers' compensation settlement.

Plaintiff has represented that the subject incident occurred on November 21, 2017, and she became eligible for Medicare on February 3, 2022.  The parties state that Medicare has not paid any benefits related to the treatment for injuries alleged in the subject incident. The Carrier and Third Parties have relied on Plaintiff's sworn assertions regarding her past and current Medicare status, and no payments by Medicare for treatment related to the subject incident, in agreeing to settle this claim and Plaintiff agrees to indemnify, defend and hold the Carrier and Third Parties harmless from any action by Medicare seeking payment of any medical expenses for Plaintiff. Plaintiff shall further hold Carrier and Third Parties harmless from any and all adverse consequences in the event this settlement results in the loss of right to Social Security and/or Medicare benefits to the extent Plaintiff would have been entitled to those benefits in the absence of this settlement agreement. While it is impossible to accurately predict the need for future treatment, these settlement terms reflect a good faith determination of the parties in order to resolve a questionable claim. The parties have attempted to resolve this matter in compliance with both state and federal law and the parties represent that the settlement terms adequately consider Medicare's interest and do not reflect any attempt to shift responsibility of treatment to Medicare pursuant to 42 U.S.C. Sec. 1395y(b). The parties acknowledge and understand that any present or future action or decision by CMS or Medicare on the Plaintiff's eligibility or entitlement to Medicare payments, will not render this settlement void or ineffective, or in any way affect the finality of this workers compensation settlement.

Plaintiff has employed Morgan & Morgan, PLLC, as her personal attorneys and representatives and has counseled with said attorneys as to all matters pertinent to this claim. Plaintiff and her attorneys agree that this settlement as proposed would be, all things considered,

in the best interest of Plaintiff. Plaintiff's attorneys have rendered the usual services and are entitled to a reasonable fee as provided by law, and Plaintiff requests authority to pay the fee as set forth herein out of the proceeds of this settlement. Plaintiff shall be solely liable for any further attorney fee claim, and the Plaintiff hereby agrees to defend, indemnify, and hold harmless the Carrier and Third Party in the event further claim for attorneys' fees is made.

IT IS, THEREFORE, ORDERED that the proposed settlement be, and the same is hereby, approved as being in the best interest of Plaintiff and that upon consummation of this settlement, Third Parties be, and they are hereby, fully, finally, and forever acquitted and discharged from any and all liability to Plaintiff on account of all personal injuries sustained by Plaintiff in this accident and from all liability to Carrier on account of the aforesaid subrogation rights.

IT IS FURTHER ORDERED that Plaintiff and Carrier be, and they are hereby, authorized to execute a settlement agreement with each other in accordance with the terms above.

IT IS FURTHER ORDERED that Plaintiff be and she is hereby authorized and empowered to execute and deliver such full and final releases and acquittances which Third Parties may require evidencing same.

IT IS FURTHER ORDERED that Carrier be and is hereby authorized and empowered to execute and deliver such full and final releases and acquittances which Third Parties may require to evidence their full release of all subrogation rights, known or unknown, of the Carrier.

IT IS FURTHER ORDERED that any settlement agreement or release previously executed by any of the Parties is hereby *nunc pro tunc* ratified by this Order.

IT IS FURTHER ORDERED that Plaintiff is authorized to pay to Morgan and Morgan, PLLC, her attorneys, a reasonable fee as provided by law out of the proceeds of this settlement and as

set forth herein.

IT IS SO ORDERED, this the  10th  day of  July , 2023.

                                                s/David Bramlette
                                               **UNITED STATES DISTRICT JUDGE**

AGREED TO BY:

/s/ Harry M. McCumber
Harry M. McCumber, (MSB #10632)
Morgan & Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
T:  (601) 718-0921
hmccumber@forthepeople.com
**Attorneys for Plaintiff**

/s/ Rajita Iyer Moss
Thomas M. Louis (MSB # 8484)
Rajita Iyer Moss (MSB #10518)
Wells Marble & Hurst, PLLC
3oo Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Telephone:     (601) 605-6900
tlouis@wellsmarble.com
rmoss@wellsmarble.com
**Attorneys for Wal-Mart Stores, Inc.,**
**Wal-Mart Associates, Inc. &**
**Wal-Mart Stores East, LP**


/s/ H. Case Embry
H. Case Embry (MSB#102311)
Mcangus, Goudelock and Courie, LLC
Post Office Box 2955
1020 Highland Colony Parkway, Suite 706
Ridgeland, Mississippi 39158
(601) 427-7514
cbell@mgclaw.com
**Attorney for Property and Casualty**
**Insurance Company of Hartford**